UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>TIMATHE RICHARD SOTO,<br>　　　　Defendant. | Case No. 13-cr-00253-PJH<br><br>**ORDER DENYING MOTION FOR RETURN OF PROPERTY** |

Before the court is the motion of defendant Timathe Richard Soto ("Soto") for return of property, pursuant to Federal Rule of Criminal Procedure 41(g). Having read the parties' papers and carefully considered their arguments, the court hereby DENIES the motion as follows.

## BACKGROUND

On March 1, 2013, during a routine traffic stop of Soto's vehicle in Oakland, California, an officer of the California Highway Patrol ("CHP") arrested Soto and seized a quantity of methamphetamine and a loaded firearm (serial number obliterated), along with other items that were in the vehicle at the time. The U.S. Attorney's Office for the Northern District of California subsequently adopted the case for federal prosecution.

As part of the federal adoption of the case, Ryan M. MacLean, a Special Agent with the Department of Homeland Security Homeland Security Investigations ("S.A. MacLean"), took custody of most of the items that had been seized. See Declaration of Ryan M. MacLean ("MacLean Decl.") ¶¶ 1, 2. Specifically, S.A. MacLean took custody of the methamphetamine and the loaded firearm, and also took custody of the following: a

1  black Springfield XD holster; two small containers of marijuana; a CD containing pictures
2  taken at the scene; a bottle containing hydrocodone pills; two SIM cards; a black LG flip-
3  style phone belonging to a third party; a small scale; a black LG cell phone with
4  keyboard-style pad; a grey Samsung flip-style phone; a black Dewalt case; and a square
5  container.  MacLean Decl. ¶ 6 & Exh. B.  S.A. MacLean did not take custody of $174 in
6  U.S. currency, which had been seized by the CHP arresting officer at the time of the
7  traffic stop and booked into evidence along with the other items.  See MacLean Decl. ¶¶
8  5-6 & Exh. B.

9  In the arrest/investigation report, the arresting CHP officer noted that he had found
10 "multiple butane tanks in the trunk" of Soto's vehicle.  See MacLean Decl. Exh. C at 8.
11 However, those tanks were not listed on the property receipt.  MacLean Decl. ¶ 6 & Exh.
12 B.  The arrest report also contains a reference to finding $174 in Soto's wallet, but the
13 wallet itself is not listed on the property receipt that MacLean received from the arresting
14 officer, and was not booked into evidence.  Id.

15 On April 18, 2013, a grand jury returned a three-count indictment against Soto,
16 alleging violations of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), possession of
17 methamphetamine with intent to distribute; 18 U.S.C. § 924(c)(1)(A)(i), possession of a
18 firearm in furtherance of a drug trafficking crime; and 18 U.S.C. § 922(g)(1), being a felon
19 in possession of a firearm.  Doc. 1.  On May 7, 2014, Soto pled guilty to all three counts
20 in the indictment, pursuant to a plea agreement.  Doc. 59.  On July 23, 2014, the court
21 sentenced Soto to a total term of imprisonment of 180 months.  Doc. 66.

22 S.A. MacLean states that following the July 23, 2014, sentencing, he retained the
23 case file for approximately one year.  MacLean Decl. ¶ 2.  He does not recall receiving
24 any inquiries during that time from Soto or his counsel regarding the return of property.
25 Id.  On July 20, 2015, in an effort to close out the file, S.A. MacLean applied to the
26 Department of Homeland Security for an order to destroy and record destruction of
27 forfeited, abandoned, or unclaimed merchandise.  MacLean Decl. ¶ 3.  The order was
28 issued on July 20, 2015.  MacLean Decl. ¶ 3 & Exh. A.  The items destroyed were the

1  flip-style phone; the Samsung phone; the LG phone ("Tracphone"); the SIM cards; the
2  small scale; the Dewalt case ("drill box"); the Springfield holster; and the square
3  container. Id.

4  On April 18, 2016, Soto filed a motion for return of property. Doc. 77. He seeks
5  return of "all property seized – excluding anything considered to be illegal (i.e., the
6  firearm that the defendant agreed should be forfeited in the plea agreement and
7  methamphetamine)." Id. Specifically, Soto seeks the return of two SIM cards; a small
8  scale; a black LG cellphone with keyboard-style pad; a flip-style phone; $174 in U.S.
9  currency; a black Dewalt case; multiple boxes containing 5X power butane gas
10  cannisters; tools (unspecified); sharper markers; a wallet and contents thereof; and any
11  other items seized which are legal for the defendant to possess.

**DISCUSSION**

A.  Legal Standard

Federal Rule of Criminal Procedure 41(g) provides a mechanism by which a person may seek to recover property seized by federal agents. Ordonez v. U.S., 680 F.3d 1135, 1137 (9th Cir. 2012). "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property is seized." Fed. R. Crim. P. 41(g). If the motion is granted, "the court must return the property to the movant." Id.

The burden of proof on a Rule 41(g) motion depends upon when the motion is filed. Where the property in question is no longer needed for evidentiary purposes – because the trial is complete, or the defendant has pleaded guilty, or the government has abandoned its investigation – the defendant is presumed to have a right to the return of the property, and the government has the burden of demonstrating that it has a legitimate reason to retain the property. U.S. v. Martinson, 809 F.2d 1364, 1369 (9th Cir. 1987); see also U.S. v. Kriesel, 720 F.3d 1137, 1144 (9th Cir. 2013).

However, where the subject property has been lost or destroyed, Rule 41(g) is silent as to what alternative relief, if any, the movant may seek. Ordonez, 680 F.3d at

1137-38. As a sovereign entity, the United States is immune from suit unless it consents to be sued. U.S. v. Dalm, 494 U.S. 596, 608 (1990). The person suing the United States must show that the government has "unequivocally expressed" a waiver of immunity. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1995). Rule 41(g) does not contain an express waiver of sovereign immunity for monetary claims, and there is thus no subject matter jurisdiction over such claims under Rule 41(g). See Ordonez, 680 F.3d at 1138-40 & n.2.

B.   Defendant's Motion

Soto seeks return of all property seized at the time of the above-described arrest, with the exception of those items he has no legal right to possess (the drugs and the firearm). The government admits that eight of the eleven items that Soto seeks to have returned were in its possession, and were subsequently destroyed. As noted above, those items are the flip-style phone; the Samsung phone; the LG Tracphone; the two SIM cards; the small scale; the Dewalt case; the Springfield XD holster; and the square container. Because they were destroyed, the government no longer possesses those items, and cannot return them. Thus, Rule 41(g) provides no relief.

The $174 in U.S. currency was not released to S.A. MacLean by the CHP arresting officer. Moreover, there is no record that the CHP officer seized any butane gas cannisters, tools, or sharpie markers, or a wallet, but even if he did, those items were not released to S.A. MacLean. Thus, none of these items was ever in the actual possession of the federal government. The federal government cannot be forced to return property that it never possessed. U.S. v. Marshall, 338 F.3d 990, 995 (9th Cir. 2003).

Property seized and held by state law-enforcement officers is not in the constructive possession of the United States for Rule 41(g) purposes unless it is being held for potential use as evidence in a federal prosecution. See Clymore v. U.S., 164 F.3d 569, 571 (10th Cir. 1999); see also U.S. v. Solis, 108 F.3d 722, 723 (7th Cir. 1997). In addition, Rule 41(g) does not confer jurisdiction on the court to order the return of property seized and held by state law enforcement authorities, unless the state

authorities were acting under direct federal authorization. See U.S. v. Huffhines, 986 F.2d 306, 308-09 (9th Cir. 1993).

There is no indication in the record that any item that Soto seeks to have returned was held by the state for potential use in the federal prosecution.  Because neither the $174 in U.S. currency, nor the butane gas cannisters, the tools, the sharpie markers, nor the wallet was ever in the actual or constructive possession of the federal government, it cannot be ordered returned through a Rule 41(g) motion.

Nor was there any federal involvement in this case until well after the arrest.  The arresting CHP officer's report indicates that Soto was pulled over at approximately 2:45 a.m. because the officer had observed Soto's vehicle weaving across lanes on the I-580 freeway.  MacLean Decl. Exh. C at 8.  Soto was arrested by the CHP officer following the officer's discovery of the drugs and loaded firearm. Id. at 8-9.  There is nothing in the record reflecting any state-federal cooperation in the search and arrest that were incident to this routine traffic stop by the CHP.

## CONCLUSION

In accordance with the foregoing, the motion for return of property is DENIED. The federal government no longer possess eight of the eleven items sought to be returned, and never had custody of the remaining items, and thus lacks jurisdiction over any claim for money damages under Rule 41(g).  The only possible remedy may lie in an action under the Federal Tort Claims Act, 28 U.S.C. §§ 2681, et seq.

**IT IS SO ORDERED.**

Dated: October 13, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge